1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 | RUBEN BENITO LOPEZ, | Case No. 1:16-cv-0095 DLB PC |

12 | Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

13 | v. | **THIRTY-DAY DEADLINE** |

14 | KERN COUNTY SHERIFF'S DEPT., | |

15 | Defendant. | |

16

17        Plaintiff Ruben Benito Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma

18 pauperis in this civil rights action.  Plaintiff filed this action on November 19, 2015, and it was

19 transferred to this Court on January 21, 2016.  Plaintiff names the Kern County Sheriff's Department

20 as the sole Defendant.[1]

21 **A.    LEGAL STANDARD**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27

28

---

[1]  Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 4, 2016.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California.  The events occurred while Plaintiff was in the custody of the Kern County Sheriff's Department.

Plaintiff alleges that while he was in custody, the Sheriff's officer was escorting him to the patrol car.  The K-9 officer accidentally released his K-9 dog, and the dog attacked Plaintiff while he was in handcuffs.  In the report, the K-9 officer indicated that he accidentally "hit the remote button and released the dog."  ECF No. 1, at 3.

For relief, Plaintiff requests payment for the damage to his leg, which causes steady pain every day.

///

///

**C.    ANALYSIS**

1.    Excessive Force

At the time of the events at issue, Plaintiff states that he was "in custody" and in handcuffs, and was being led to a patrol car.  ECF No. 1, at 3.  It is unclear whether Plaintiff was a pretrial detainee at the time, or a convicted inmate.[2]  Plaintiff's status at the time of the events will dictate the correct standard of review, as discussed below.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989).  The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies.  Lolli, 351 F.3d at 415.  The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting

---

[2]  According to the State of California Inmate Locator, Plaintiff has been confined at High Desert State Prison since May 30, 2014.

them, without regard to their underlying intent or motivation.  Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake.  Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted).  Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control.  See Gibson, 290 F.3d at 1198 (citation omitted).

Regardless of whether Plaintiff's claim is analyzed under the Eighth or Fourteenth Amendment, an accidental use of force, as Plaintiff's characterizes it, does not state a claim for relief.  An accident does not create liability under the Eighth Amendment, which requires the malicious and sadistic use of force to cause harm.  Hudson, 503 U.S. at 7.  Similarly, the Due Process Clause of the Fourteenth Amendment requires a deliberate act.  "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (citing County of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S.Ct. 1708 (1998)).  "Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim."  Id.

Therefore, to the extent that Plaintiff characterizes the incident as an accident, he cannot state a claim for relief.  There may be some instances where a reckless act involving a pretrial detainee can give rise to a claim under the Fourteenth Amendment, though the context of such a claim is not well-defined.  See Lewis, 532 U.S. at 849 ("Whether the point of the conscience shocking is reached when injuries are produced with culpability falling within the middle range, following from something more than negligence but 'less than intentional conduct, such as recklessness or gross negligence,' . . . is a matter for closer calls.") (internal citations omitted).  Given Plaintiff's characterization of the incident as an accident, it does not appear that this would give rise to liability under a recklessness theory.

4

For these reasons, Plaintiff does not state a claim for relief.  While it is unclear whether Plaintiff can successfully amend, the Court will afford him one opportunity to do so.

2.    Municipal Liability

Plaintiff names the Kern County Sheriff's Department as the only Defendant.  However, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Dep't Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

Plaintiff includes no allegations that would support a claim against the Kern County Sheriff's Department.

**D.    ORDER**

Plaintiff's complaint fails to state any cognizable claims for relief.  Plaintiff will be given an opportunity to amend, but he should only amend if he can do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff should file her amended complaint on the complaint form provided.

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 4, 2016**                            **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE