UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BENITO LOPEZ,<br><br>      Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPT.,<br><br>      Defendant. | Case No.: 1:16-cv-00095 - DAD- JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

    Plaintiff Ruben Benito Lopez is proceeding *pro se* and *in forma pauperis* in this action. He asserts the Kern County Sheriff's Department is liable for excessive use of force and negligence when he was placed under arrest on February 6, 2014. Because Plaintiff fails to allege facts to support a claim for excessive use of force, he fails to show this Court has jurisdiction over the matter. Therefore, the Court recommends that the action be **DISMISSED** without prejudice.

**I.**     **Screening Requirement**

    When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

The Federal Rules of Civil Procedure govern the standards for pleading in the federal courts. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   Factual Allegations

Plaintiff reports that he was arrested on February 6, 2014 for "an assault [with a] deadly weapon." (Doc. 12 at 3)  He asserts that officers with Kern County Sheriff's Department came to his residence, and Plaintiff surrendered from his back yard. (*Id.*)  According to Plaintiff, a deputy "called it in that they have a suspect in custody [and] that they were escorting [Plaintiff] to a patrol car." (*Id.*)

Plaintiff alleges he did not resist arrest and was placed in handcuffs. (Doc. 12 at 4)  He asserts that "a patrol car pulled up and Officer Weiss's K-9 partner got [loose] and attacked." (*Id.*)  Plaintiff asserts he "was put through excrusiating (sic) pain." (*Id.*)  Plaintiff alleges he now has "over nine scars on [his] left leg" from the dog bite. (*Id.*)

### IV.   Discussion and Analysis

Based upon the above factual allegations, Plaintiff asserts the Kern County Sheriff's Department is liable for negligence and using excessive force during the course of his arrest.

#### A.   Excessive Force

Plaintiff seeks to state a claim for excessive force in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  Here, Plaintiff asserts the Kern County Sheriff's Department is liable for the use of excessive force in the course of his arrest. (Doc. 12 at 3)

The Supreme Court of the United States determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use

of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). The issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). In resolving this issue, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007)). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Significantly, as the Court previously informed Plaintiff, accidental use of force does not support a claim for excessive force. (*See* Doc. 11 at 4) The Supreme Court explained that "liability

for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). "Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim." *Id.*; *see also Clement v. Gomez*, 298 F.3d 898, 903-904 (9th Cir. 2002) (granting qualified immunity on an eighth amendment excessive force claim because the plaintiffs failed to show the defendants maliciously and sadistically applied force for the purpose of causing harm).

Plaintiff alleges the K-9 "got loses (sic) and attacked." (Doc. 12 at 4) Previously, he asserted that "the K-9 officer accidently released his K-9 dog and it attacked." (Doc. 1 at 3) Whether the dog was "accidently released" or simply got loose, Plaintiff fails to allege facts supporting the conclusion that Kern County Sheriff deputies *intentionally*—or "maliciously and sadistically"—caused Plaintiff harm. *See Hudson* 503 U.S. at 7. Without such intent, Plaintiff fails to state a claim for excessive force in violation of the Fourteenth Amendment. *See Kingsley*, 135 S. Ct. at 2472. Rather, it appears Plaintiff's claims are rooted in negligence and he may seek relief in the state court.

### B.    Supplemental Jurisdiction

Plaintiff's only remaining cause of action in his First Amended Complaint is for negligence. (*See* Doc. 12 at 3) Because Plaintiff failed to state a constitutional violation of his rights, the Court should not exercise supplemental jurisdiction over his remaining claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### V.    Findings and Recommendations

Plaintiff fails to allege facts sufficient to support his claim for excessive force amounting to punishment. Because Plaintiff was informed of the legal standards governing his claim and failed to allege sufficient facts in his amended pleading, the Court finds further leave to amend would be futile. Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's complaint be **DISMISSED** without prejudice for lack of jurisdiction; and
2. The Clerk of Court be **DIRECTED** to close the matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **October 11, 2016**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE